UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TAYR KILAAB al GHASHIYAH,

        Petitioner,
v.                                   Case No. 92-CV-0141

JUDY SMITH,

        Respondent.
_____

TAYR KILAAB al GHASHIYAH,

        Petitioner,
v.                                   Case No. 92-CV-1348

PHILLIP MACHT,

        Respondent.
_____

## ORDER

Petitioner Tayr Kilaab al Ghashiyah ("Ghashiyah") filed several motions relating to two petitions for a writ of habeas corpus he filed in 1992. Ghashiyah's habeas petitions were both denied in a single order issued on October 26, 1993, and the Seventh Circuit Court of Appeals affirmed the decisions on November 18, 1996, and November 20, 1996. Now, 17 years after the court denied the petitions, Ghashiyah renews his attempts to obtain collateral relief from his state convictions. He filed identical motions to recall the mandate and motions for reconsideration in Case Nos. 92-CV-141 and 92-CV-1348. Ghashiyah's motions to recall the mandate ask the court to issue an order recalling its mandate in order to "prevent injustice,"

and his motions for reconsideration ask the court to grant him relief from a "void judgment" and restore his "first appeal of right." Ghashiyah also files a request for sanctions against the Wisconsin Department of Justice for failure to respond to his motions. Because Ghashiyah's motions to recall the mandate and for reconsideration constitute successive habeas petitions, the court is without jurisdiction and must dismiss the motions.

The Antiterrorism and Effective Death Penalty Act (AEDPA) strictly limits the ability of a habeas petitioner to bring a second or successive habeas petition in federal court when, as here, the petitioner has already challenged his custody in a previous habeas petition. A district court has no jurisdiction to hear a second or successive habeas petition unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to do so. 28 U.S.C. § 2244(d)(3)(A); *see also Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). If the Seventh Circuit has not authorized the petitioner to bring a successive petition, then the district court has "no option other than to deny the petition." *Nunez*, 96 F.3d at 991.

Ghashiyah has framed his requests as motions to recall a mandate and motions for reconsideration. However, these titles do not provide insulation against the prohibition on successive petitions appearing in 28 U.S.C. § 2244(b). Motions to recall the mandate in § 2254 habeas cases "are subject to the restrictions on successive petitions found in § 2244(d)" and the statute's requirements may only be avoided by proving actual innocence. *Lambert v. Buss*, 489 F.3d 779, 780 (7th Cir.

2007). However, Ghashiyah does not assert actual innocence. Instead, he asks the court to restore his appeal rights and to vacate his judgment of conviction because: a) the state trial court did not inform him that he would be subject to a repeater status or that he faced consecutive sentences; b) the state court relied upon inaccurate information in imposing sentence; and c) because he received ineffective assistance of counsel. The court determines that Ghashiyah's motions to recall the mandate are poorly-concealed attempts to file successive habeas petitions.

Ghashiyah's motions for reconsideration are also successive petitions masquerading as Federal Rule of Civil Procedure 60(b) motions. Rule 60(b) allows a court to grant relief from a final judgment or order because of mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, or fraud. Fed. R. Civ. P. 60(b)(1-3). However, a Rule 60 motion on any of these bases must be made no more than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c). Ghashiyah's initial habeas petition was denied by the district court in 1993, and affirmed by the Seventh Circuit in 1996. Thus, he cannot now bring a motion for reconsideration alleging mistake, newly-discovered evidence or fraud. Rule 60 also allows a court to grant relief from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This basis for relief is not subject to the one-year limitation period and it represents Ghashiyah's only possible argument for reconsideration. However, Rule 60(b)(6) only applies when a movant can show "extraordinary circumstances" that justify the reopening of a final judgment;

circumstances that will "rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). A motion for reconsideration pursuant to Rule 60(b)(6) is a successive habeas when it advances a new ground for relief from conviction or when it attacks the court's prior resolution of a ground for relief on the merits. *See id.* at 531. The only time when a motion for reconsideration is not a successive habeas petition is when the motion attacks a defect in the federal habeas proceedings themselves, rather than the substance of the federal court's resolution of a claim on the merits. *Id.* at 532. Ghashiyah does not attack a procedural ruling of the federal court. He makes substantive claims asserting new grounds for relief or challenging the court's previous resolution on the merits. Therefore, Ghashiyah's motions for reconsideration constitute successive habeas petitions.

Ghashiyah provides no indication that he obtained approval from the Seventh Circuit Court of Appeals to bring a successive habeas petition. The only action a district court may take on a second or successive petition that does not have appellate authorization is to dismiss it. *See Nunez*, 96 F.3d at 991. "A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals." *Id.* Therefore, the court is obliged to deny Ghashiyah's motions to recall the mandate and for reconsideration because they constitute successive habeas petitions.

The court must also deny Ghashiyah's request for sanctions against the respondents. He asks the court to issue sanctions because the Wisconsin

-4-

Department of Justice failed to file any response to his motions to recall the mandate and for reconsideration. As previously discussed, Ghashiyah does not warrant relief from the court because his motions constitute successive habeas petitions and this court lacks jurisdiction to address them. Therefore, sanctions are inappropriate and the court will deny the motion.

As a final matter, the court must determine whether to grant or deny Ghashiyah a certificate of appealability. A district court must either grant or deny a certificate of appealability when it enters a final order adverse to the applicant on a habeas petition. Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a). An order denying a motion for reconsideration in a § 2254 habeas case is a "final order" and a petitioner must obtain a certificate of appealability before he can appeal the decision. *See West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007). The court will deny a certificate of appealability for the reasons outlined above.

Accordingly,

**IT IS ORDERED** that the petitioner's motions for an order to recall the mandate (Docket #45 in 92-CV-141 and Docket #11 in 92-CV-1348) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the petitioner's motions for reconsideration (Docket #46 in 92-CV-141 and Docket #12 in 92-CV-1348) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the petitioner's motion for sanctions (Docket #49 in 92-CV-141) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge